IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DANIEL ENCOH ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:19CV1012 |
| ) | |
| LIFE INSURANCE COMPANY OF ) | |
| OF NORTH AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Daniel Enoch Roberts, proceeding *pro se*, brings this action against Life Insurance Company of North America ("Defendant") under the Employee Retirement Income Security Act of 1974 ("ERISA"). (ECF No. 4 at 3.) Plaintiff alleges that Defendant violated ERISA by paying him less than he was owed from a long-term disability policy provided by his employer. (*See id.* at 5.) Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 8.) For the reasons set forth below, the Court will grant Defendant's motion.

Defendant contends that because Plaintiff has already settled and released this claim in a previous federal lawsuit ("the South Carolina suit"), it is entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of jurisdiction based on mootness, and Rule 12(b)(6), for failure to state a claim. (*See* ECF No. 11 at 1.) Generally, courts resolve the issue of jurisdiction before proceeding to the merits. *See, e.g., Action NC v. Strach*, 216 F. Supp. 3d 597, 611 (M.D.N.C. 2016). However, recognizing that the Fourth Circuit has cautioned

against resolving jurisdictional disputes through Rule 12(b)(1) motions where, as here, jurisdictional allegations and facts are "inextricably intertwined" with the merits of the case, *Lutfi v. United States*, 527 F. App'x 236, 241 (4th Cir. 2013); *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009), the Court will analyze Defendant's motion only under Rule 12(b)(6).

## I. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12(b)(6) "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing a claim's plausibility, a court must draw all reasonable inferences in the plaintiff's favor. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013). However, "mere conclusory and speculative allegations" are insufficient, *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013), and a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Vitol*, 708 F.3d at 548 (quoting *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)). Further, "[w]hile a *pro se* litigant's pleadings are liberally construed, a *pro se* complaint must still contain sufficient facts to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face." *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) (internal citation and quotations omitted).

## II. BACKGROUND

Approximately one year prior to the filing of this lawsuit, on September 21, 2018, Plaintiff sued Defendant in the United States District Court for the District of South Carolina,

seeking a declaration pursuant to 29 U.S.C. 1132(a)(1)(B) that he was entitled to long-term disability benefits.[1]  (*See* ECF No. 11-1 ¶¶ 3, 9.)  In that suit, Plaintiff, who was represented by counsel, alleged that he was employed by Food Lion, LLC until December of 2010, when he became disabled.  (*Id.* ¶¶ 4–5.)  As a Food Lion employee, "Plaintiff was provided with long term disability coverage via a plan which was fully insured by Defendant."  (*Id.* ¶ 4.)  However, when Plaintiff filed a claim for long-term disability benefits, Defendant denied his claim.  (*Id.* ¶¶ 5–6.)

On December 12, 2018, the parties in the South Carolina suit entered into a "Confidential Release of all Claims" ("the Release"), in which Defendant paid Plaintiff a sum of money and, in exchange, Plaintiff released any and all claims he had related to the long-term disability income policy that Defendant issued to Food Lion.[2]  (*See* ECF No. 11-2 ¶¶ 3, 5.)  The next day, the District of South Carolina entered an Order of Dismissal recognizing that the South Carolina suit had been settled and noted that its dismissal would be "<u>with prejudice</u>" if the parties did not move to reopen the action or enforce the settlement within 60 days.[3]  (ECF No. 11-3.)  Defendant has represented to the Court, and the Court has independently confirmed, that neither party took such action.  (*See* ECF No. 14 at 2.)  Consequently, the South Carolina suit was dismissed with prejudice.

---

[1] The Court takes judicial notice of Plaintiff's complaint in the South Carolina suit and therefore considers it on this Motion to Dismiss.  *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[2] The Court considers the Release as it is central to Plaintiff's claim and its authenticity is not in dispute.  *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006); *Stewart v. Johnson*, 125 F. Supp. 3d 554, 558 (M.D.N.C. 2015).

[3] The Court also takes judicial notice of the Order of Dismissal.  *See Philips*, 572 F.3d at 180.

3

Plaintiff then filed the instant lawsuit on September 27, 2019, approximately ten months after the dismissal of the South Carolina suit. (ECF No. 1.) A few days later, Plaintiff filed an Amended Complaint, which is the operative complaint here. (ECF No. 4.) In response to Plaintiff's Amended Complaint, Defendant filed the Motion to Dismiss now before the Court. (ECF No. 8.)

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff has "already litigated, settled and released the very same claims he brings" in his Amended Complaint. (*See* ECF No. 11 at 7–9.) Plaintiff appears to oppose this motion on the grounds that the Release was fraudulently obtained, though this argument is only alluded to in his brief opposing Defendant's motion and is not raised in his Amended Complaint. (*See* ECF Nos. 4; 13 at 1.)

Plaintiff filed this lawsuit *pro se* using a pre-printed form complaint. (ECF No. 4.) When asked on his form to list the basis for federal jurisdiction, Plaintiff listed three federal statutes, only one of which, 29 U.S.C. 1132(a)(1)(b), is squarely at issue in this case.[4] (*Id.* at 3.) Plaintiff then alleged the following:

> [Defendant] underpaid the plaintiff backpayments and monthly check payments from a long term disability policy pursuant to ERISA 29 U.S. Code § 1132(a)(1)(b) [Defendant] dating back to 2010 after paying the full $700 per week salary on his short term disability policy. The plaintiff was payed a salary of $700 per week as Assistant Manager for [Food Lion] and the long term disability policy was an included employee benefit for the position. [Defendant] refuses to pay the disputed amount.

---

[4] As explained below, Plaintiff also listed two other provisions of the federal code, neither of which provide Plaintiff with a cause of action.

4

> Plaintiff asks this court to order [Defendant] to pay any underpayment on backpayments, monthly check payments and adjustment to the long term disability settlement if the settlement was based o[n] the incorrect salary to the plaintiff.

(*Id.* at 4–5.) These are the only factual allegations in the Amended Complaint. (*See id.*) Thus, it appears that Plaintiff filed this action to seek a declaration that Defendant must pay Plaintiff more *if* the sum Plaintiff was paid to settle the South Carolina suit was based on an underestimation of his income. (*See id.*) However, Plaintiff did not plead any facts plausibly alleging that his income was underestimated or explaining why such a claim would not be barred by the Release from the South Carolina suit. Instead, in his response brief, Plaintiff argues for the first time that the South Carolina suit should be "reopened because there is a fraud at question." (ECF No. 13 at 1.) Even if Plaintiff could use his response brief to amend his complaint—which he cannot do, *see, e.g.*, *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013)—Plaintiff has not pled a single fact in his Amended Complaint alleging, explaining, or demonstrating that the Release was fraudulent, (*see* ECF No. 4). Indeed, except for a possible reference to what Plaintiff calls "the long-term disability settlement," Plaintiff's Amended Complaint does not appear to mention the Release at all. (*See id.* at 5.) The closest Plaintiff's Amended Complaint comes to alleging fraud is his cursory reference to two portions of the United States Code: 29 U.S.C. § 1131 and 18 U.S.C. § 1346. (*Id.* at 3.) These provisions are, at best, tangentially related to this case. 29 U.S.C. § 1131 provides that a violation of ERISA's reporting, disclosure, and recording requirements "may result in . . . criminal liability." *Gobeille v. Liberty Mut. Ins. Co.*, 136 S. Ct. 936, 944–45 (2016) (discussing 29 U.S.C. § 1131). 18 U.S.C. § 1346, a component of the federal mail fraud statute, defines the term "scheme or artifice to defraud" to include "a

5

scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346. It has been narrowly construed to apply "solely to those mail fraud prosecutions involving bribery or kickbacks." *Bereano v. United States*, 706 F.3d 568, 569 (4th Cir. 2013) (citing *Skilling v. United States*, 561 U.S. 358, 408–09 (2010); *see also Kelly v. United States*, 140 S. Ct. 1565, 1571 (2020). Though these provisions may be vaguely related to fraud, Plaintiff's unadorned reference to them is not sufficient to satisfy Rule 12(b)(6)'s requirement that a plaintiff allege sufficient facts, taken as true, to state a plausible claim for relief.

Nor does it appear possible for Plaintiff to cure the flaws in his Amended Complaint through further amendment. Plaintiff's response brief, though more detailed than his Amended Complaint, does not set forth facts that, if pled in a second amended complaint, would permit the Court to deny a renewed motion to dismiss for failure to state a claim. (*See* ECF No. 13.) Therefore, allowing any amendment would be futile.

Finally, Plaintiff's use of "reopen" in his brief as well as his reference in his brief to Federal Rule of Civil Procedure 60(b) suggests that Plaintiff may be trying to use this litigation to reopen the South Carolina suit. (*See* ECF No. 13 at 1.) Federal Rule 60(b)(3) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To the extent that Plaintiff seeks relief from the dismissal with prejudice entered by the District of South Carolina, Plaintiff should bring his motion in the District of South Carolina, not this or any other federal court. *See Farris v. Garden City*, 634 F. App'x 674, 674 n.1 (10th Cir. 2016) (explaining that a Rule 60(b) motion should be brought in the original district court, not an

6

appellate court); *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 889 (4th Cir. 1999) ("As a general matter, the district court is the proper forum in which to bring Rule 60(b) motions for relief from *that court's own judgments*." (emphasis added)); *Atakulu v. Md. Dep't of Human Res.*, No. GJH-14-0904, 2014 WL 2927772, at *3 (D. Md. June 26, 2014) (collecting cases illustrating that "considerations for judicial economy and comity among district courts" make it "unwise" for a district court to "reopen[ ] a case previously dismissed by a sister court").

The Court therefore enters the following:

## ORDER

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss, (ECF No. 8), is GRANTED and Plaintiff's Amended Complaint is dismissed WITH PREJUDICE.

This, the 14th day of September 2020.

/s/Loretta C. Biggs
United States District Judge